NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1181

HANNAH M. RAIMON

vs.

MICHAEL D. AZZONI & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a corrected judgment that entered on October 21, 2022, following a jury trial in the Superior Court.  On appeal, the plaintiff argues that the trial judge erred by (1) allowing the motion of Henry Heywood Memorial Hospital, Inc. (hospital), for judgment notwithstanding the verdict; (2) allowing the motion of Heywood Medical Group, Inc., and Heywood Healthcare, Inc. (collectively, Heywood defendants), for directed verdicts; (3) applying a statutory cap on damages against charitable organizations to the award against the

_____

[1] Heywood Medical Group, Inc.; Heywood Healthcare, Inc.; and Henry Heywood Memorial Hospital.

hospital; and (4) denying the plaintiff's motion to compel production of a witness at a deposition.  We affirm.

Background.  The plaintiff filed a medical malpractice action that arose from a wrist surgery performed by defendant Dr. Azzoni (physician) on the plaintiff at the hospital, which is owned and operated by the Heywood defendants.

On January 31, 2015, the plaintiff sustained injuries, including a fractured wrist, in a motor vehicle crash. Following the crash, the plaintiff was transported by ambulance to the hospital, where the physician consulted on her case and recommended emergency surgery on the plaintiff's wrist.  The plaintiff agreed to have the surgery, which the physician performed that same day.  The physician installed an external fixator during the surgery that was to be removed later.  During the initial consultation and surgery, the physician was an independent contractor for the hospital.

On March 11, 2015, the physician removed the external fixator and replaced it with a cast.  On April 1, 2015, the physician removed the cast and referred the plaintiff to occupational therapy.  The physician was unable to determine if the plaintiff had regained major function in her wrist.  The plaintiff also expressed concerns to the physician that she was in pain and that her wrist appeared deformed.  The plaintiff testified that the physician dismissed her concerns.  On the day

2

of the April 1, 2015 appointment, the physician assumed a new role within the hospital and became a hospital employee.

After her final appointment with the physician, the plaintiff's pain persisted, and her wrist function deteriorated. Consequently, she sued the physician for medical malpractice, joining the hospital and the Heywood defendants as vicariously liable parties.

At the close of the plaintiff's case-in-chief, the trial judge granted the Heywood defendants' motion for directed verdicts, allowing only the claims against the physician and the hospital to go to the jury. The jury awarded the plaintiff $2.87 million, for which the physician and the hospital were jointly and severally liable. The hospital moved for judgment notwithstanding the verdict, arguing that the plaintiff failed to establish that the physician was acting as an agent of the hospital with apparent authority. The trial judge granted the hospital's motion for judgment notwithstanding the verdict and issued a second corrected judgment, awarding the plaintiff $2.87 million (plus $1,962.38 for costs and $665,728.42 in prejudgment interest) against the physician.

Discussion. The plaintiff argues that the trial judge erred in allowing the hospital's motion for judgment notwithstanding the verdict because it was vicariously liable

3

for the physician's actions under a theory of apparent authority. We are not persuaded.

When considering a motion for judgment notwithstanding the verdict, a judge must evaluate the evidence in the light most favorable to the plaintiff, "to determine whether, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, the jury reasonably could return a verdict for the plaintiff" (citation omitted). Phelan v. May Dep't Stores Co., 443 Mass. 52, 55 (2004). "The judge will consider whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the nonmoving party" (quotation and citation omitted). Id. "To be reasonable, the inference must be based on probabilities rather than possibilities and cannot be the result of mere speculation and conjecture" (quotation and citation omitted). Id. "When reviewing a judgment n.o.v., this court applies the same standard as the motion judge." Id. See Kattar v. Demoulas, 433 Mass. 1, 8 n.5 (2000).

To hold a principal liable for the actions of its agent under a theory of apparent authority, a plaintiff must show that "the principal, by [its] words or conduct, causes a third person to reasonably believe that the principal consents to the agent acting on the principal's behalf." Fergus v. Ross, 477 Mass.

4

563, 567 (2017).  "Critically, '[o]nly the words and conduct of the principal, . . . and not those of the agent, are considered in determining the existence of apparent authority.'"  Id., quoting Licata v. GGNSC Malden Dexter LLC, 466 Mass. 793, 801 (2014).

Here, the plaintiff argues that the jury could have found apparent authority based on evidence that physicians who are independent contractors at the hospital must use the hospital's facilities, follow the hospital's rules and regulations, and use forms that bear the hospital's letterhead.  Only the hospital's forms contain communications from the hospital to the plaintiff that could establish apparent authority.  The plaintiff, however, did not testify that the presence of the hospital's letterhead on the consent forms made her reasonably believe that the physician was acting as the hospital's agent, and she points to no evidence that the hospital directed the physician to use its forms.  The forms themselves do not designate the physician as an agent of the hospital.  Because the plaintiff never identified at trial a communication from the hospital that would imbue the physician with apparent authority, no jury could reasonably return a verdict for the plaintiff.  See Fergus, 477 Mass. at 567; Phelan, 443 Mass. at 55.  Therefore, the trial judge did not err in granting the hospital's motion for judgment notwithstanding the verdict.

The plaintiff also argues that the trial judge erred in granting the motion for directed verdicts in favor of the Heywood defendants because the physician became a direct employee of the Heywood Medical Group, Inc., on April 1 -- the day of the plaintiff's final follow-up appointment with the physician. Putting aside that the plaintiff raises no argument as to the motion brought by Heywood Healthcare, Inc., we disagree that the jury could have found that the physician was acting as an employee of the Heywood defendants during the April 1 appointment. It is undisputed that the physician charged the plaintiff directly for the April 1 appointment instead of using the hospital's global billing system. If the physician was acting as an employee, this direct charge would have been prohibited by the physician's employment agreement, which barred him from billing "any patient or third party payor any amount for services rendered pursuant to [the employment agreement]." To the extent the plaintiff argues that the physician was acting with apparent authority from the Heywood defendants, nothing in the record demonstrates that either Heywood defendant communicated with the plaintiff. See Fergus, 477 Mass. at 567, quoting Licata, 466 Mass. at 801 (apparent authority established only via "words and conduct of the principal"). Thus, the judge properly granted the motion for directed verdicts in favor of these defendants.

6

The plaintiff also contends that the judge erred in applying a statutory cap on damages against charitable organizations, G. L. c. 231 § 85K, to the award against the hospital.  We need not address the application of the statutory cap because we conclude that the judge properly granted the motion for judgment notwithstanding the verdict.

The plaintiff also argues that the judge erred in denying a motion to further depose the Heywood defendants' designee under Mass. R. Civ. P. 30 (b) (6), as appearing in 489 Mass. 1401 (2022).  We do not agree.  We conclude that the judge did not abuse his discretion by denying the plaintiff's motion for further deposition where the deponent sat for over six hours of questioning, and the plaintiff's counsel was unable to identify a single question not adequately answered by the witness.  See Symmons v. O'Keeffe, 419 Mass. 288, 302 (1995) (denial of motion to compel further deposition reviewed for abuse of discretion).

The plaintiff also contends that several of the judge's "discretionary" rulings deprived her of a fair trial but fails to provide any supporting authority for these claims.[2]  We need not discuss those challenges because they are waived.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

---

[2] The plaintiff argues that the judge's refusal to allow trial counsel to wear a flag lapel pin, his decision to reduce the Heywood defendants' costs, and his prohibiting the use of the safety rules argument deprived her of a fair trial.

Likewise, we need not discuss the plaintiff's challenge to the medical tribunal's finding, which the plaintiff concedes is moot.

Corrected judgment entered
October 21, 2022, affirmed.

By the Court (Meade, Shin & Tan, JJ.[3]),

Clerk

Entered:  August 18, 2025.

---

[3] The panelists are listed in order of seniority.